# IN THE SUPREME COURT OF TEXAS

════════════
No. 12-0721
════════════

CITY OF HOUSTON, PETITIONER,

v.

CHRISTOPHER RHULE, RESPONDENT

══════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS
══════════════════════════════════════════════════

**PER CURIAM**

In this workers' compensation case, we must decide whether the claimant was required to exhaust administrative remedies before he could sue in district court for breach of a settlement agreement. We hold that the operative statute in effect at the time of the claimant's injury—section 12b of former Texas Civil Statutes Article 8307—required the claimant to first present his dispute to the Industrial Accident Board, now the Division of Workers' Compensation. Accordingly, we reverse the court of appeals' judgment and dismiss the claimant's action.

Christopher Rhule, a firefighter for the Houston Fire Department, suffered an on-the-job spinal injury in 1988. The City of Houston, a self-insured municipality, contested Rhule's workers' compensation claim. The parties entered into a settlement agreement under which Rhule would receive $14,000 and "lifetime open reasonable and necessary medical [expenses]" in exchange for releasing the City from any further claims derived from the injury. The trial court entered an agreed judgment to this effect.

The City paid Rhule's medical expenses until 2004 when, despite Rhule's persistent pain, the City decided that many of his medications and treatments were not reasonable, necessary, and related to the underlying 1988 injury. Rhule filed suit in district court for breach of the agreement. A jury found for Rhule and awarded him $127,500 in damages for past physical pain, mental anguish, attorney's fees, and out-of-pocket expenses. The court of appeals initially reversed the award for physical pain while affirming the remainder of the trial court's judgment. In response, the City moved for rehearing and moved the court of appeals to dismiss the case for lack of jurisdiction, arguing that Rhule did not exhaust his administrative remedies as required by statute. 377 S.W.3d 734, 737. The court of appeals granted rehearing, withdrew its prior opinion, and affirmed the trial court's judgment on all matters. *Id.* at 737–38.

The City petitioned this Court for review, reasserting its argument that the trial court lacked jurisdiction to hear the case. The City contends that both the applicable statute—section 12b of former Texas Civil Statutes Article 8307—and our opinion in *American Motorists Insurance Co. v. Fodge*, 63 S.W.3d 801 (Tex. 2001), require Rhule to return to the Division before filing suit. Further, it argues that governmental immunity insulates the City from suit. Rhule argues that jurisdiction was proper because he exhausted his administrative remedies by securing the original settlement agreement, that further exhaustion would be futile, and that the City waived its governmental immunity.

Subject matter jurisdiction is "essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). A court acting without such power commits fundamental error that we may review for the first time on appeal. *Tex. Ass'n of Bus. v. Tex. Air*

2

*Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). Not only may a reviewing court assess jurisdiction for the first time on appeal, but all courts bear the affirmative obligation "to ascertain that subject matter jurisdiction exists regardless of whether the parties have questioned it." *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 306 (Tex. 2010) (quoting *Univ. of Tex. Sw. Med. Ctr. at Dall. v. Loutzenhiser*, 140 S.W.3d 351, 358 (Tex. 2004)). A judgment rendered without subject matter jurisdiction cannot be considered final. *Dubai Petrol. Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 12 cmt. b (1982)). Subject matter jurisdiction presents a question of law we review de novo. *Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 166 (Tex. 2013).

We look to the scope of agency jurisdiction to determine whether section 12b mandated exhaustion of administrative remedies as a prerequisite to trial court jurisdiction. *See Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002). Administrative agencies may exercise only powers conferred upon them by "clear and express statutory language." *Id.* at 220. When the Legislature grants an administrative agency sole authority to make an initial determination in a dispute, agency jurisdiction is exclusive. *See id.* at 221. A party then must exhaust its administrative remedies before seeking recourse through judicial review. *See Cash Am. Int'l., Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex. 2000). The exhaustion doctrine serves as a timing mechanism to ensure that the administrative process runs its course. *See id.* The intent is never to deprive a party of legal rights; rather, it aims to ensure an orderly procedure to enforce those rights. *Yselta Indep. Sch. Dist. v. Griego*, 170 S.W.3d 792, 795 (Tex. App.—El Paso 2005, pet. denied). Absent

exhaustion of administrative remedies, a trial court must dismiss the case. *See Tex. Educ. Agency v. Cypress-Fairbanks I.S.D.*, 830 S.W.2d 88, 90 (Tex. 1992).

Our analysis turns on whether the Division has exclusive jurisdiction over Rhule's claim. *See Subaru of Am.*, 84 S.W.3d at 221. Exclusive jurisdiction is a question of statutory interpretation, *id.*, and thus we must consider the operative statute and whether it grants the Division the sole authority for initial resolution of disputes arising out of a settlement agreement. The statute in effect at the time of injury controls. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Reyna*, 897 S.W.2d 777, 778 (Tex. 1995) (per curiam) (applying the version of the Workers' Compensation Act in effect at the time of the injury, not the version in effect at the time of suit); *Harris v. Varo, Inc.*, 814 S.W.2d 520, 523–24 (Tex. App.—Dallas 1991, no writ). Rhule's injury occurred on February 25, 1988. The Legislature made significant changes to the workers' compensation system in 1989, but the impact on claims was prospective as of January 1, 1991. Act of Dec. 11, 1989, 71st Leg., 2nd C.S., ch. 1, § 17.18, 1989 Tex. Gen. Laws 122, 122. The implementing legislation provided that the Division "shall process claims for injuries occurring before January 1, 1991, in accordance with the law in effect on the date that the injury occurred, and the former law is continued in effect for this purpose." *Id.* At the time of Rhule's injury, former section 12b of Article 8307 governed disputes based on settlement agreements in workers' compensation cases. Act of May 20, 1983, 68th Leg. R.S., ch. 501, § 1, 1983 Tex. Gen. Laws 2934, 2934–35, *repealed by* Act of Dec. 11, 1989, 71st Leg. 2nd C.S., ch. 1, § 16.01(10), 1989 Tex. Gen. Laws 1, 114. Section 12b, entitled "Compromise settlement agreements and agreed judgments; disputes concerning payment of healthcare benefits," read as follows:

> Whenever in any compromise settlement agreement approved by the board or in any agreed judgment approved by the court, any dispute arises concerning the payment of medical, hospital, nursing, chiropractic or podiatry services or aids or treatment, or for medicines or prosthetic appliances for the injured employee as provided in Section 7, Article 8306, Revised Statutes, as amended, or as provided in such compromise settlement agreements or agreed judgments, all such disputes concerning the payment thereof shall be first presented by any party to the [Division] within six months from the time such dispute has arisen (except where "good cause" is shown for any delay) for the [Division]'s determination.[1]

*Id.* The operative statute, therefore, compels a party to a settlement agreement to first bring disputes to the Division.

The City of Houston stopped paying for Rhule's pain pump, medications, and visits to the doctor in 2004. Rhule brought suit against the City in 2008 but did not first present the matter to the Division. Because the statute compelled Rhule to present his dispute to the Division and Rhule failed to do so, Rhule has not exhausted his administrative remedies. This divests the trial court of jurisdiction.[2] *See Cypress-Fairbanks I.S.D.*, 830 S.W.2d at 90.

Without hearing oral argument, we reverse the court of appeals' judgment and render judgment dismissing Rhule's action for lack of subject matter jurisdiction. *See* TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** November 22, 2013

---

[1] The statute next indicates that "[a] dispute arises when a written refusal of payment has been filed with the [Division]." *Id.* Rhule has not argued that no "dispute" has arisen because the City of Houston failed to submit a refusal in writing to the Division.

[2] We need not entertain the City's argument under *American Motorists Insurance Co. v. Fodge*, 63 S.W.3d 801 (Tex. 2001), because the statute directly addresses settlement agreements. We do note, however, that *Fodge* did not address the issue presented in this case, but rather mandated exhaustion of administrative remedies where a claimant sued for delay of *medical* payments despite entitlement only to temporary *income* benefits. *See* 63 S.W.3d at 804.