Opinion issued February 26, 2019



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00112-CV

_____

**BOBBY HALL-BEY, Appellant**

**V.**

**DEREK WALLACE AND JEFFREY ALFORD, Appellees**

---

On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Case No. 89389-I

---

## MEMORANDUM OPINION

Appellant Bobby Hall-Bey, an inmate proceeding pro se, challenges the trial

court's dismissal of his lawsuit against appellees Derek Wallace and Jeffrey Alford,

pursuant to Texas Civil Practice and Remedies Code section 101.106(f).  Hall-Bey

contends that the trial court erred in dismissing his suit because section 101.106(f) does not apply to his case. We dismiss for want of jurisdiction.

## Background

On December 30, 2016, Hall-Bey sued Texas Department of Criminal Justice ("TDCJ") supervisory officer, Wallace, and property officer, Alford, among others, alleging theft of his personal property.[1] Hall-Bey did not name TDCJ as a defendant in the suit.

Hall-Bey alleged that, on June 3, 2016, while he was housed at the TDCJ's Ramsey Unit, he and other prisoners were evacuated and relocated to another unit due to flooding of the Brazoria River. He further alleged that, upon his return to the Ramsey Unit on June 18, 2016, he discovered that his property had been lost, damaged, or illegally confiscated. Hall-Bey sought relief in the amount of $78.50, the alleged value of his property.

On August 3, 2017, Alford and Wallace filed their answer and motion to dismiss pursuant to Civil Practice and Remedies Code section 101.106(f). On August 25, 2017, Hall-Bey filed his response, asserting that he filed suit pursuant to subsection (d), not (f).

On January 3, 2018, the trial court granted Wallace's and Alford's section 101.106(f) motion to dismiss. Hall-Bey timely appealed.

---

[1] Although not initially named, Wallace and Alford were later joined as defendants.

**Discussion**

"[S]ubject-matter jurisdiction is essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). It is not presumed and it may not be waived. *Tex. Ass'n Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). Absent subject matter jurisdiction, a court does not have authority to render judgment and must dismiss the claim without resolving the parties' substantive arguments. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam). A trial court's judgment rendered without subject matter jurisdiction cannot be considered a final judgment. *Id.*

Lack of subject matter jurisdiction amounts to fundamental error and may be raised for the first time on appeal. *See id.* (citing *Tex. Ass'n Bus.*, 852 S.W.2d at 443–44). An appellate court may address sua sponte the issue of subject matter jurisdiction. *Id.* ("Not only may a reviewing court assess jurisdiction for the first time on appeal, but all courts bear the affirmative obligation to ascertain that subject matter jurisdiction exists regardless of whether the parties have questioned it.") (internal quotation omitted). "Our standard for reviewing subject matter jurisdiction requires the pleader to allege facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause." *Tex. Ass'n Bus.*, 852 S.W.2d at 446. Whether an appellate court has jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife*

3

*v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Accordingly, we evaluate the issue under a de novo standard of review. *See id.*

Section 24.007 of the Texas Government Code states that "[a] district court has original jurisdiction of a civil matter in which the amount in controversy is more than $500, exclusive of interest." TEX. GOV'T CODE ANN. § 24.007(b). In Texas, the sum of money in controversy between the parties to a civil suit is a component of subject matter jurisdiction. *See Bland Indep. Sch. Dist.*, 34 S.W.3d at 554; *see also Gomez v. Unknown Roe-Phillips CO V*, No. 06-17-00002-CV, 2017 WL 3701730, at *2 (Tex. App.—Texarkana Aug. 22, 2017, no pet.). The amount in controversy is determined by the amount the plaintiff seeks to recover. *Tune v. Tex. Dep't of Pub. Safety*, 23 S.W.3d 358, 361 (Tex. 2000) ("It has long been the law that the phrase 'amount in controversy,' in the jurisdictional context, means 'the sum of money or the value of the thing originally sued for . . . .'") (quotation omitted).

In his petition, Hall-Bey sued Wallace and Alford for $78.50, the estimated value of his property. That amount falls below the $500.00 amount-in-controversy requirement for a district court to acquire jurisdiction. *See* TEX. GOV'T CODE § 24.007(b). Accordingly, the trial court did not have jurisdiction to decide the merits of Hall-Bey's case. *See Miller v. Harvey*, No. 10-09-00106-CV, 2011 WL 1901985, at *1 (Tex. App.—Waco May 18, 2011, no pet.) (vacating trial court's dismissal and dismissing case for want of jurisdiction where state prison inmate who

4

sued TDCJ employees for confiscation of personal property sought amount in controversy less $500); *Parker v. Ross*, No. 10-08-00317-CV, 2010 WL 35844369, at *1 (Tex. App.—Waco Sept. 15, 2010, no pet.) (same). Our jurisdiction of the merits of an appeal extends no further than that of the trial court from which the appeal was taken. *Ward v. Malone*, 115 S.W.3d 267, 269 (Tex. App.—Corpus Christi 2003, pet. denied). Because the trial court did not have subject matter jurisdiction, we may not address the merits of Hall-Bey's claims in this appeal.

**Conclusion**

We vacate the trial court's order and dismiss the case for want of jurisdiction.[2]

Russell Lloyd
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.

---

[2] All pending motions are dismissed as moot.