**Affirmed and Memorandum Opinion filed December 31, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00316-CV

## RODNEY EDWARD THOMAS AND TRACEY RENEE LEWIS, Appellants

## V.

## CHRISTOPHER LATSON, TODD WHITE, SANDRA PEAK, STEVEN SUNDE, AND KIANA WILLIAMS, Appellees

**On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2014-06739**

## M E M O R A N D U M   O P I N I O N

Appellants Tracey Renee Lewis and Rodney Edward Thomas, defendants in the trial court, appeal the trial court's judgment in favor of appellee/intervenor Steven Sunde. Finding no merit in appellants' jurisdictional challenge and no merits in appellants' other complaints, we affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

After a bench trial, the district court signed a judgment reciting that Sunde

had appeared pro se for trial, that Lewis and Thomas also had appeared pro se for trial, and that another named defendant, Encompass 2 Commercial Corporation, did not appear for trial. According to the judgment, after the trial court heard evidence and arguments of the parties, the trial court found that Sunde was entitled to judgment against Encompass, Lewis, and Thomas on Sunde's claims, and awarded Sunde a judgment in the amount of $482,202 against Lewis, Thomas, and Encompass, jointly and severally.

Thomas filed a "Motion to Vacate and Set Aside Judgment," arguing that the parties were bound to resolve their claims through arbitration under a valid arbitration agreement. Thomas also challenged the court's jurisdiction based on the alleged arbitration agreement. The trial court denied the motion, and Lewis and Thomas each have prosecuted this appeal pro se.

## II. ISSUES AND ANALYSIS

Though Thomas and Lewis each filed an appellate brief, their briefs are substantially the same. Liberally construing the complaints from arguments set out in their appellate briefs, we conclude Lewis and Thomas raise the following issues: (1) the trial court lacked subject matter jurisdiction, both generally and specifically as a consequence of the alleged arbitration agreement covering the claims; (2) the trial court erred when it did not make any findings of fact; and (3) the trial court abused its discretion in denying the "Motion to Vacate and Set Aside Judgment."

A. **Did Sunde lack standing to bring his claims, or was there some other impediment preventing the trial court from exercising subject matter jurisdiction over the case?**

Lewis and Thomas make a variety of statements contesting Sunde's standing and the trial court's subject matter jurisdiction. Some relate to an alleged

arbitration agreement[1] while others are generic.[2] We consider both categories. *See Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484 (Tex. 2018) (explaining that subject-matter jurisdiction cannot be waived and that "[a] court can—and if in doubt, must—raise standing on its own at any time"). An issue implicating a court's subject-matter jurisdiction presents a question of law that we review de novo. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam).

In considering Lewis's and Thomas's arbitration-related jurisdictional contentions, we presume, without deciding, that a valid arbitration agreement existed between the parties. Lewis and Thomas have not cited, and we have not found, any binding authority to support their contention that the existence of an arbitration clause divests a trial court of its jurisdiction over the claim subject to the arbitration agreement. Contrary to their argument, this court has found that the existence of an arbitration clause covering claims filed in a court does not divest the court of jurisdiction over the action. *In re China Oil & Gas Pipeline Bureau*, 94 S.W.3d 50, 61 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding).

Trial courts regularly exercise jurisdiction over parties to an arbitration agreement. *See FIA Card Services, N.A. v. Sweet*, 14-08-00111-CV, 2009 WL 1748741, at *2 (Tex. App.—Houston [14th Dist.] June 23, 2009, no pet.) (finding that the trial court erred in dismissing for lack of subject matter jurisdiction action to confirm and enforce arbitration award brought under the Federal Arbitration Act in state court). Neither subject-matter jurisdiction nor standing can be waived or

---

[1] In their summary of the argument, Lewis and Thomas contend that "Appellants failed to exhaust all remedies in arbitration therefore the court lacked jurisdiction." In their argument, they contend, "Appellees lacked standing because parties agreed to have matter [sic] resolved by Arbitration if a dispute arose."

[2] In their argument section, under a "Standard of Review" subheading, Lewis and Thomas lodge a generic jurisdictional complaint that "the lower court lacked jurisdiction to hear this matter." They also asserted that "[a]ppellees lacked standing to have their case heard by the lower court."

conferred by agreement. *Houston Laureate Associates, Ltd. v. Russell*, 504 S.W.3d 550, 556 (Tex. App.—Houston [14th Dist.] 2016, no pet.). By contrast, an agreement to arbitrate, like any contract, can be waived. *Perry Homes v. Cull*, 258 S.W.3d 580, 593 (Tex. 2008).

We next consider appellants' generic challenges to the judgment on lack-of-subject-matter-jurisdiction and lack-of-standing grounds. In his petition in intervention Sunde sets out a fraud claim against Lewis and Thomas. The record does not reflect that any party asserted special exceptions against Sunde's petition in intervention, and liberally construing that pleading in Sunde's favor, we conclude that Sunde had standing to assert the claims in this petition. *See Schwartzott v. Etheridge Prop. Management*, 403 S.W.3d 502–03 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

After reviewing the record, we discern no basis for concluding that either the trial court or this court lacks subject-matter jurisdiction. We therefore reject Lewis's and Thomas's challenges based on an alleged lack of standing or lack of subject-matter jurisdiction, and we overrule their second issue.

## B. Did the trial court err by not issuing findings of fact and conclusions of law?

Lewis and Thomas contend that the trial court erred in not issuing findings of fact and conclusions of law. A party waives a complaint that the trial court failed to file findings of fact and conclusions of law by not making a timely request for findings of fact and conclusions of law, or by failing to timely file and serve a notice of past due findings of fact and conclusions of law. *See* Tex. R. Civ. P. 296, 297; *Haut v. Green Cafe Mgmt., Inc.*, 376 S.W.3d 171, 183 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Lewis and Thomas were required to present a record showing that they timely requested findings and timely filed and served a notice of

past due findings and conclusions. They showed neither and so waived the complaint. *See id.* We therefore overrule it.

## C. Did the trial court err when it denied the "Motion to Vacate and Set Aside Judgment?"

Lewis and Thomas complain that the trial court erred in denying the "Motion to Vacate and Set Aside Judgment," which they claim both filed. Only Thomas signed the motion, and under the motion's unambiguous language, Thomas was the only party that asserted this motion. Thus, Lewis failed to preserve error in the trial court as to her first issue. *See Wormald v. Villarina*, 543 S.W.3d 315, 326 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

As to Thomas's complaint in his first issue, we presume, without deciding, that Thomas sought arbitration of Sunde's claims against him timely and did not waive his right to arbitration by substantially invoking the litigation process to Sunde's detriment or prejudice.

In considering the merits of Thomas's motion, the starting point is the arbitration agreement. In *In re Estate of Guerrero*, this court, sitting en banc, determined that a document submitted as evidence in a motion-to-compel-arbitration or summary-judgment context contains a substantive defect that renders it incompetent if there was a complete failure to authenticate the document. *In re Estate of Guerrero*, 465 S.W.3d 693, 705, 706–08 (Tex. App.–Houston [14th Dist.] 2015, pet. denied) (en banc). The authentication requirement applies to the alleged arbitration agreement Thomas submitted in support of the "Motion to Vacate and Set Aside Judgment." *See id.* A party moving the trial court to compel arbitration must show an arbitration agreement exists and was executed. *See id.* at 703. Absent authentication of the alleged arbitration agreement, Thomas did not prove an agreement to arbitrate. *See id.* at 705. Thomas completely failed to authenticate

the alleged arbitration agreement. The complete absence of authentication of this alleged agreement amounts to a substantive defect that is not waived by the failure to object and obtain a ruling in the trial court. *See id*. at 705, 706–08. Under this court's precedent in *In re Estate of Guerrero*, this substantive defect makes the alleged agreement submitted in support of the "Motion to Vacate and Set Aside Judgment" incompetent to provide any evidence in support of the motion. *See id*. Because Thomas did not prove any arbitration agreement, the trial court did not err in denying the "Motion to Vacate and Set Aside Judgment" on the merits. *See id*. Accordingly, we overrule Thomas's first issue.

Having overruled appellants' jurisdictional challenges and all of their complaints on appeal, we affirm the trial court's judgment.


/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Jewell and Bourliot.