In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00405-CV**
_____

**WOODROW RAYMOND NOVAK JR., Appellant**

**V.**

**LUIS G. SCHAEFFER AND BROOKSHIRE BROTHERS, INC., Appellees**

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. 21DC-CV-00108**

## MEMORANDUM OPINION

Pro se Appellant Woodrow Raymond Novak Jr. (Novak or Appellant) appeals the trial court's orders granting Appellee Luis G. Schaeffer's motion to dismiss and granting Brookshire Brothers, Inc.'s motion for summary judgment. Lacking jurisdiction, we dismiss Novak's appeal.[1]

_____

[1] We sent a letter to the parties notifying them that it appears that neither a final judgment nor an appealable order appears in the clerk's record. We requested the parties file a written reply, containing argument and supporting authority, and identifying the particular statute or rule authorizing an appeal at this time, and we

Background

On March 9, 2021, Novak filed suit against Angelle Maria Sessum (Sessum), Luis G. Schaeffer (Dr. Schaeffer or Schaeffer), and President of Brookshire Brothers Pharmacy #16 (Brookshire Brothers).[2] According to Novak's petition, while he was incarcerated, Sessum allegedly stole Novak's driver's license, food stamp "SNAP" card, and health insurance card. The petition alleged that on September 12, 2018, Sessum picked up a prescription order for hydrocodone from Novak's primary care physician, Dr. Schaeffer, without Novak's permission, and Sessum had the pharmacy at Brookshire Brothers fill the prescription without his permission. Novak included a claim under the Texas Theft Liability Act against Sessum, a claim for intentional infliction of emotional distress against Brookshire Brothers, and a claim for common law negligence against Dr. Schaeffer. Novak alleged that Dr. Schaeffer violated Novak's rights and Dr. Schaeffer's duty as a licensed physician by providing Novak's prescription to Sessum without a power of attorney and when she had no "right to [Novak's] prescription." Novak alleged that on August 13, 2018,

notified them that unless our jurisdiction over this appeal is established, the Court would dismiss the appeal for lack of jurisdiction. The attorneys for Appellee Schaeffer filed a response and only addressed the unserved party but failed to address the other points we address in this memorandum opinion that make the orders unappealable.

[2] According to the appellate record, Sessum was never served, and she is not a party to this appeal. Accordingly, we refer to Sessum only as necessary. Brookshire Brothers, Inc. filed an Original Answer, stating that it was incorrectly named in the suit as "President of Brookshire Brother Pharmacy #16[.]"

and September 12, 2018, Brookshire Brothers allowed Sessum to fill the prescription with Novak's insurance card and "accepted her signature without any document of Power of Attorney or without [Novak] present[,]" which caused Novak to suffer "severe emotional distress[]" including loss of sleep and appetite, fatigue, and mental and emotional pain. According to the petition, Appellant discovered the items missing upon his release from incarceration on October 8, 2018.

Dr. Schaeffer filed his Original Answer. Schaeffer also filed a Motion to Dismiss for Failure to Provide an Expert Report, arguing that Novak's claim against him was a healthcare liability claim and that, under section 74.351 of the Texas Civil Practice and Remedies Code, Novak's claim must be dismissed because Novak failed to serve Schaeffer with an expert report complying with Chapter 74's requirements within 120 days after Schaeffer was served. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b). An affidavit of Schaeffer's counsel was attached to the motion, and Schaeffer's counsel stated that the information in the motion was true and correct and that during the course of the litigation Schaeffer incurred $1,700.00 in reasonable attorney's fees and costs. The motion was noticed for the submission docket. The trial court signed an interlocutory order granting Schaeffer's motion, dismissing Novak's claims against Schaeffer with prejudice, and postponing the determination of reasonable attorney's fees until final judgment.

3

After Novak's claims were dismissed against Schaeffer, Brookshire Brothers filed its Answer and a motion for summary judgment. Brookshire Brothers' motion asserted the following, in relevant part:

> Texas Civil Practice & Remedies Code Sec. 16.003 has set forth a two year limitations period for the cause of action alleged in [Novak]'s petition. As is stated in [Novak]'s petition, the alleged conduct on the part of Brookshire Brothers occurred on August 13, 2018 and September 12, 2018, respectively. As such, [Novak] is required to have filed and served this lawsuit on or before August 13, 2020. This case was not filed until March 9, 2021, well beyond the expiration of the limitations period.
> . . . .
> Based on [Novak]'s own pleadings, when taken as true, there are no genuine issues of material fact, and it is established as a matter of law, that [Novak]'s cause of action is barred by the statute of limitations, and [Brookshire Brothers] is entitled to Judgment as a matter of law.

The trial court heard Brookshire Brothers' motion for summary judgment by submission without an oral hearing, and the trial court signed an order granting summary judgment in favor of Brookshire Brothers and a take-nothing judgment against Novak based on limitations.

Issues on Appeal

On appeal, Novak argues that he "has established that the filing of this suit was within the limitation period" because "the limitation period of the American with Disability Act is four (4) years." He also argues that Dr. Schaeffer's providing the prescription to Sessum and Brookshire Brothers' filling the prescription for Sessum were "illegal transactions [that] took place while [Novak] was incarcerated

4

and without [Novak's] knowledge and consent, which raise genuine issues of material facts[.]" Novak contends the trial court denied him his First Amendment right by failing to order a bench warrant for Novak to attend the summary judgment hearing. According to Novak, if the trial court would have issued a bench warrant for him to attend the summary judgment hearing, he would have been able to present his allegations and evidence and he "would have prevail[ed]."

Jurisdiction

We first determine whether we have jurisdiction over Novak's appeal as to the trial court's grant of Dr. Schaeffer's motion to dismiss and also over the order granting the summary judgment on behalf of Brookshire Brothers. *See City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (reviewing courts have affirmative obligation to ascertain that jurisdiction exists). Texas appellate courts have jurisdiction to review a trial court's order by appeal if the order constitutes a final judgment or if a statute authorizes an interlocutory appeal. *See Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012).

Dr. Schaeffer moved to dismiss under section 74.351(b) on the sole ground that Novak failed to file an expert report. Section 51.014(a)(9) of the Texas Civil Practice and Remedies Code only permits an interlocutory appeal from an order that "denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section

5

74.351." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9). Here, the trial court *granted* Dr. Schaeffer's motion to dismiss under section 74.351(b), and it also expressly stated the award of Dr. Schaeffer's attorney's fees would be determined by the trial court later. Because section 51.014(a)(9), nor any other statute, confers jurisdiction, we have jurisdiction only if there is a trial court order as to Dr. Schaeffer that is final for purposes of appeal. *See Williamson v. Chahal*, No. 01-21-00622-CV, 2022 Tex. App. LEXIS 9521, at \**4-7 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, no pet.) (mem. op.) (citing *Bison Bldg. Materials*, 422 S.W.3d at 585). The only other court order included in our appellate record is the trial court's order granting summary judgment as to Brookshire Brothers. The order granting the dismissal of claims against Dr. Schaeffer is not an appealable order and we must dismiss the appeal for lack of jurisdiction. *See id.* at \*7.

As to the order granting the summary judgment in favor of Brookshire Brothers, we note that it also is not a final appealable order because there is no severance language in that order, and the only other order in our record which grants the dismissal of Novak's claims against Dr. Schaeffer did not dispose of Dr. Schaeffer's claim for attorney's fees and expressly reserved that claim for future determination. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 205 (Tex. 2001) (a judgment is final for purposes of appellate jurisdiction if it disposes of all claims and parties in a case); *Davis v. ESC II, LP*, No. 05-15-00551-CV, 2015 Tex.

6

App. LEXIS 8021, **2-3 (Tex. App.—Dallas July 30, 2015, no pet.) (mem. op.) (the trial court's order granting a motion to dismiss for failure to comply with Chapter 74's requirements was not a final judgment, despite stating it was final and including a Mother Hubbard clause, because it expressly reserved attorney's fees for future determination) (citing *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001)). Therefore, we also lack jurisdiction over the appeal regarding the trial court's order granting the summary judgment.

Because both orders from which Novak appeals are not appealable orders, we dismiss Novak's appeal for lack of jurisdiction.

APPEAL DISMISSED.

_____
LEANNE JOHNSON
Justice

Submitted on March 1, 2023
Opinion Delivered March 30, 2023

Before Golemon, C.J., Johnson and Wright, JJ.