**Opinion issued June 8, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00155-CV

————————————

**HARRIS COUNTY APPRAISAL DISTRICT AND APPRAISAL REVIEW BOARD OF HARRIS COUNTY, Appellants**

**V.**

**CROSSVIEW PARTNERS, LTD., Appellee**

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-28040**

---

## MEMORANDUM OPINION

This is a purported interlocutory appeal from an order that granted a motion

for new trial, vacated two orders granting pleas to the jurisdiction filed by Harris

County Appraisal District ("HCAD") and the Harris County Appraisal Review

Board ("ARB"), and remanded the matter to the ARB under a provision of the Texas Tax Code. *See* TEX. TAX CODE 42.231.

Because this appeal is not authorized by a statute creating interlocutory appellate jurisdiction, we dismiss the appeal for want of jurisdiction.

## Background

Crossview Partners protested HCAD's 2019 appraisal of its apartment-complex property. After a hearing attended by Crossview Partners's tax agent, the ARB reduced the appraised value of the real property from $8,049,715 to $6,229,000. The ARB's order determining protest, dated August 12, 2019, was sent to Crossview Partners at the address of its tax agent. Crossview Partners maintains that the tax agent informed it of the determination and date of determination in an email dated September 3, 2019. Crossview Partners did not file a petition for judicial review in the district court within the statutory timeframe. In late November 2019, Crossview Partners filed a second protest with the ARB, asking it to reissue the order determining protest to reset the clock and permit it to file a suit for judicial review. The ARB sent Crossview Partners an order of dismissal dated March 16, 2020, which stated that the ARB "determined that it does not have jurisdiction to consider or grant the relief requested."

In May 2020, Crossview Partners filed suit against HCAD and the ARB challenging the ARB's refusal to reissue the order determining protest and

challenging the 2019 appraisal as excessive and unequal. The trial court granted HCAD and the ARB's pleas to the jurisdiction, dismissing claims against each of them. Crossview Partners then filed a motion for new trial, asserting that the pleas to the jurisdiction were based on its failure to exhaust administrative remedies. Crossview Partners reasoned that filing suit for judicial review was a part of the administrative remedies subject to the exhaustion requirement. Crossview Partners also asked the trial court to remand the case to the ARB, in accordance with section 42.231 of the Tax Code, to allow it to cure any jurisdictional defects.

The trial court granted the motion for new trial, vacated the orders granting the pleas to the jurisdiction, and remanded the matter to the ARB. Both HCAD and the ARB appealed.

## Analysis

We have an affirmative obligation to determine whether we have subject matter jurisdiction over an appeal, "regardless of whether the parties have questioned it." *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (quoting *In re United Servs. Auto. Ass'n,* 307 S.W.3d 299, 306 (Tex. 2010)). We review this question de novo. *Rhule*, 417 S.W.3d at 442. In this case, no party has questioned whether this court has appellate jurisdiction.

Ordinarily, appellate courts have jurisdiction only over final judgments. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d

3

385, 390 (Tex. 2020). Statutes authorizing interlocutory appeals are a narrow exception to this general rule. *Id.*; *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) ("Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides such jurisdiction.").

Section 51.014 of the Texas Civil Practice and Remedies Code authorizes an interlocutory appeal from an order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." TEX. CIV. PRAC. & REM. CODE 51.014(a)(8); *see id.* § 101.001(3) (defining "governmental unit" to include "a political subdivision of this state" and "any other institution . . . of government the status and authority of which are derived from . . . laws passed by the legislature . . . .). Both HCAD and the ARB are governmental units as that term is defined by section 101.001 of the Civil Practice and Remedies Code. *See* TEX. TAX CODE § 6.01(c) (providing that appraisal district is political subdivision of state); *id.* § 6.41 (establishing appraisal review board for each appraisal district); *see also Dallas Cen. Appraisal Dist. v. Hamilton*, No. 05-99-01401-CV, 2000 WL 1048537, at *2 (Tex. App.—Dallas July 31, 2000, pet. dism'd w.o.j.) (mem. op.; not designated for publication) ("While an appraisal review board is not similarly defined by statute, it clearly falls within the statutory definition of governmental unit.").

The order from which HCAD and the ARB appeal is not an order granting or denying a plea to the jurisdiction. It is an order granting a motion for new trial, which vacated orders that granted the pleas to the jurisdiction and dismissed Crossview Partners's claims against HCAD and the ARB. An order like the one in question in this case that granted a motion for new trial is reviewable by mandamus but not by interlocutory appeal under section 51.014(a)(8). *See In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 759 (Tex. 2013) (holding that new trial orders are reviewable on the merits by mandamus). In the interest of judicial efficiency, a court of appeals may construe an appeal as a petition for writ of mandamus when an appellant expressly requests such treatment, for example when the legal environment is uncertain. *See CMH Homes v. Perez*, 340 S.W.3d 444, 453–54 (Tex. 2011). Neither HCAD nor the ARB have asked us to assume mandamus jurisdiction. Accordingly, we conclude that we do not have jurisdiction over this appeal.

## Conclusion

We dismiss this appeal for want of jurisdiction.


Peter Kelly
Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

5