**Opinion filed July 30, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00107-CV

_____

## IN RE SENTRY INSURANCE A MUTUAL COMPANY

**Original Mandamus Proceeding**

## MEMORANDUM OPINION

The parties appear before this court for the second time in less than a year respecting mandamus relief. In this proceeding, similar to the first proceeding, we address an order issued by the Honorable Glen Harrison, Presiding Judge of the 32nd District Court of Nolan County, in Cause No. DO-92-17,178 in which he denied Relator, Sentry Insurance a Mutual Company's plea to the jurisdiction. Sentry requests that we instruct Judge Harrison to dismiss for lack of jurisdiction Real Party in Interest, Donald Bristow's (1) claims against Sentry based on the alleged delayed payment of, or failure to pay, medical expenses and

(2) appeal of a March 23, 2021 award by the Texas Department of Insurance, Workers' Compensation Division (the Division).[1]  We conditionally grant the petition for writ of mandamus as to Bristow's claims based on Sentry's alleged delayed payment of, or failure to pay, medical expenses.  We deny the petition for writ of mandamus in all other respects.

*Background*

As noted in our first opinion, Bristow suffered a work-related injury on September 17, 1990.  *See In re Sentry Ins. a Mut. Co.*, No. 11-20-00240-CV, 2020 WL 6554795, at *1 (Tex. App.—Eastland Nov. 6, 2020, orig. proceeding [mand. denied]) (mem. op.) (*Sentry I*).  Sentry was the workers' compensation carrier for Bristow's employer.  *Id.*  Because Bristow's injury occurred before January 1, 1991, his claim for workers' compensation benefits was determined based on the law in effect at the time of the injury.  *See* Act of Dec. 12, 1989, 71st Leg., 2nd C.S., ch.1, § 17.18(a), (c), 1989 Tex. Gen. Laws 1, 122.

After the Division issued an award on Bristow's claim, Bristow filed this suit against Sentry.  Sentry and Bristow settled the lawsuit on March 31, 1993.  As relevant here, in a Compromise Settlement Agreement (CSA), the parties agreed (1) that Sentry would pay a monthly sum of $3,650 for future home health care, as incurred, to "Bristow and his attorney" and that the amount of Sentry's monthly obligation would not "increase or decrease"; (2) that Sentry was required to pay for home health care "only for so long as Bristow [was] at his home residence and not absent in a hospital or other health care facility"; and (3) that based on Bristow's physical and mental condition, Sentry could contest that he no longer

---

[1]The legislature created the Texas Workers' Compensation Commission in 1989 to implement and enforce the provisions of the Texas Workers' Compensation Act.  *Tex. Mut. Ins. Co. v. PHI Air Med., LLC*, 610 S.W.3d 839, 843 (Tex. 2020).  The Commission is now the Division of Workers' Compensation at the Texas Department of Insurance.  *Id.*; *see also* Act of May 29, 2005, 79th Leg., R.S., ch. 265, §§ 1.001–8.016, 2005 Tex. Gen. Laws 469, 469–610.

needed home health care. The CSA was incorporated into a final judgment on April 6, 1993.

In 2014, Bristow filed two applications for a prehearing conference with the Division. In the first application, Bristow requested a prehearing conference to address "various issues regarding old law claim." Bristow specifically indicated (1) that he had issues in obtaining nursing care and medical supplies and (2) that, although he no longer had an attorney, Sentry sent checks directly to an attorney's estate. In the second application, Bristow indicated that he wanted an explanation for the partial reimbursement of out-of-pocket expenses. The record does not reflect that the Division responded to either of these applications.

On December 28, 2016, Bristow filed a third application for a prehearing conference with the Division. Bristow complained that his lifetime benefits had been reduced and that medical supplies had been denied. On January 18, 2017, the Division denied Bristow's request for a prehearing conference. As to Bristow's complaints that medical supplies had been denied by Sentry, the Division stated (1)that, after the entry of the final judgment and the CSA, it had jurisdiction only "to conduct a formal hearing to issue successive awards on the carrier's liability on medical disputes '. . . *for the cost or expense of any such items actually furnished to and received by said employee'*" and (2) that any dispute as to home health care was required to be submitted to the 32nd District Court in accordance with the CSA. The Division also informed Bristow that, if he chose "to pursue for payment of medical bills (other than home health care) denied by the workers' compensation carrier," he could submit a written request "for a formal hearing to adjudicate the unpaid disputed medical bill(s)." The Division specifically advised Bristow that the written request was required to include (1) the itemized bill as originally submitted

to the carrier, (2) a copy of the carrier's denial to pay the bill, and (3) supporting medical documentation.

In 2018, Sentry sought to terminate the home health care payments on the basis that Bristow's physical and mental condition did not reasonably require home health care. Sentry also moved to abate future payments for home health care because (1) it was required to pay Bristow $3,650 per month for home health care, as incurred; (2) since 2014, Bristow had incurred home health care costs of only $7,686.75; and (3) based on the excess payments, it was entitled to a credit or offset against future payments for home health care costs. Sentry also filed Cause No. 19,940 and requested a declaration that it was entitled to a credit or offset against any future amounts that it might owe Bristow for home health care pursuant to the CSA. Judge Harrison consolidated Cause No. 19,940 with Cause No. DO-92-17,178.

Bristow, through counsel, sent letters to the Division on February 14, February 21, and February 22, 2019. In all three letters, Bristow requested that the Division set a prehearing conference. In the first letter, Bristow indicated that Sentry had sued to set aside the CSA and that there was a dispute over the CSA and over attorney's fees. In the second letter, Bristow stated that there was a dispute over the CSA and that the Division had continuing jurisdiction over medical benefits. Bristow specifically complained (1) that Sentry had failed or refused to replace dressing pads for a "wound care vac machine"; (2) that, because he did not have dressing pads, he would be required to go to a hospital; (3) that Sentry would not be liable for home health care payments while he was hospitalized; and (4) that the refusal to provide or approve the dressing pads was "an obvious attempt by [Sentry] to avoid these payments and [was] an act of bad faith and self dealing." In the third letter, Bristow indicated that the subject of the prehearing conference would be

4

"medical benefits for nursing care services, wound care, and home health care beginning April 1, 1993 to the present and continuing into the future."

On February 22, 2019, Bristow filed an application for a prehearing conference using the Division's form PHD-90. Bristow indicated that the grounds for the prehearing conference were a "[m]edical dispute" and "[o]ther" and referenced the three letters that he had sent to the Division.

On February 28, 2019, the Division denied Bristow's February 14 request for a prehearing conference. The Division again informed Bristow that, after an award or a court judgment, it had jurisdiction only to issue successive awards regarding the insurance carrier's liability on medical disputes for the cost or expenses of any such items actually furnished to and received by Bristow. According to the Division, "any dispute as to home health care must be submitted to the court in accordance with the terms of" the CSA. The Division informed Bristow that, to the extent that he wanted "to pursue an award on unpaid bills for medical services received by him and denied by the workers' compensation carrier (other than home health care)," he could submit a written request to the Division for a "formal hearing to adjudicate the unpaid disputed medical bill(s) only." The Division indicated that, on January 18, 2017, it had provided written information to Bristow regarding the Division's dispute resolution process.

Bristow filed counterclaims against Sentry in the declaratory judgment action and alleged that Sentry (1) violated the Texas Deceptive Trade Practices Act (the DTPA), the duty of good faith and fair dealing, and the requirement that it engage in fair settlement practices pursuant to Chapter 541 of the Texas Insurance Code; and (2) committed fraud by making representations when it signed the CSA that certain benefits would be paid to Bristow and then attempting to "vitiate the agreement." Bristow's claims fell within two categories—claims based on

Sentry's obligations under the CSA and claims based on Sentry's alleged delayed payment of, or failure to pay, medical expenses related to ulcers suffered by Bristow.

Sentry filed a plea to the jurisdiction. Sentry asserted that the Division had exclusive jurisdiction over all compensability and medical disputes in the workers' compensation context and that a claimant's failure to secure a determination by the Division that benefits were due precluded a suit for those benefits as well as for all damages that resulted from a denial of those benefits. Sentry also filed a nonsuit of its petition for declaratory judgment on the basis that Judge Harrison did not have jurisdiction over the request for a credit or offset because Sentry had not presented the claim to the Division.

Judge Harrison denied Sentry's plea to the jurisdiction, and Sentry sought mandamus relief from this court. *See Sentry I*, 2020 WL 6554795, at *1. As relevant here, we held that Sentry had not shown that it was entitled to mandamus relief on Bristow's common law and statutory claims related to Sentry's performance under the CSA and request for enforcement of the CSA on the ground that Bristow still requires home health care, *id.* at *5, but conditionally granted mandamus relief as to Bristow's common law and statutory claims that were based on or related to Sentry's alleged delayed payment of, or failure to pay, medical expenses incurred by Bristow after March 31, 1993, because Bristow had failed to exhaust his administrative remedies as to those claims, *id.* at *6.

Pursuant to our opinion, on November 12, 2020, Judge Harrison dismissed for lack of jurisdiction Bristow's claims (1) that Sentry violated the DTPA based on a "course of conduct" related to the delayed payment of, or failure to pay, medical expenses that was intended to avoid Sentry's liability under the CSA; (2) that Sentry breached the duty of good faith and fair dealing when it engaged in a "pattern of conduct" to delay or fail to pay medical expenses for ulcers that Bristow had

6

developed as a result of his confinement to a wheelchair; and (3) that Sentry violated Chapter 541 of the Texas Insurance Code based on Sentry's alleged delayed payment of, or failure to pay, medical expenses and Bristow's request that the CSA be enforced because "Sentry has denied payment of reasonable and necessary medical expenses."

On December 11, 2020, Sentry filed an application for a prehearing conference with the Division on the issue of whether Sentry was entitled to a credit or offset on future home health care payments. The Division notified Sentry and Bristow that the prehearing conference would be held on February 24, 2021, at 10:00 a.m. Sentry and Bristow were directed to appear at the prehearing conference and attempt to settle disputes about the claim. The Division informed Sentry and Bristow that, in order to facilitate the negotiations, they were "required to provide the other parties and the [Division] with all available medical information including all unpaid medical bills before the conference date."

At 5:53 p.m. on February 22, 2021, Bristow's attorney provided exhibits for the prehearing conference to the Division and to Sentry. These exhibits consisted of (1) prescriptions, (2) a June 6, 2019 approval by Sentry of home health care services for Bristow through December 6, 2019, and a billing summary for some of those services, (3) e-mails from Bristow to his attorney with receipts attached, and (4) bills for medical services provided to Bristow. At 3:08 p.m. on February 24, 2021, Bristow's attorney provided an additional bill for medical services.

After the conference, the prehearing officer recommended that an award be entered that Sentry was not entitled to a credit in the amount of $193,063.25 on future payment for home health care based on the claimed excess payments. Both Sentry and Bristow were instructed to file a written formal statement of position on the recommendation. In its statement of formal position, Sentry admitted that it had

compensation coverage on the named insured on or about the date of the injury and that Bristow was employed by the insured. On all other contested issues, Sentry indicated that it would require Bristow to sustain his burden of proof through competent evidence. Bristow admitted in his formal statement of position that Sentry was not entitled to take credit in the amount of $193,063.25 on future payments for home health care. Bristow denied that the Division had jurisdiction over the CSA and noted that the Division had previously found that it lacked jurisdiction over the CSA. Bristow "except[ed]" to the Division's failure to consider the "medical benefits and bills which have been provided to [Bristow] but which [Sentry] refuses to pay." Bristow attached the same exhibits to the formal statement of position that he provided for the prehearing conference.

The Division issued an award on March 23, 2021. Stamped on the award is "MEDICAL ONLY." The Division found (1) that, on the date of Bristow's injury, his employer provided workers' compensation coverage and was insured by Sentry and (2) that Sentry was not entitled to take a credit or offset on any future payments for home health care "on an incurred overpayment of $193,063.25 paid for the periods of January 2014 through December 2018, derivative to that" of Bristow. Both Bristow and Sentry filed notice that they did not intend to abide by the award and intended to appeal the award.

On March 23, 2021, Sentry appealed the Division's award to the 251st District Court in Randall County, where Bristow lives. On April 8, 2021, Bristow filed his seventh amended answer and counterclaims in this litigation. Bristow reasserted the claims that had been dismissed by Judge Harrison pursuant to our opinion in the first mandamus proceeding. Bristow also appealed the Division's award and argued (1) that the award should be set aside because the Division failed or refused to consider the disputed medical issues and (2) that the Division did not have

8

jurisdiction over the parties' agreement in the CSA as to the provision of home health care. Sentry filed a plea to the jurisdiction in this case, and Bristow filed a plea to the jurisdiction and plea in abatement in the Randall County lawsuit.

The Honorable Ana Estevez, Presiding Judge of the 251st District Court, found that "the matters in controversy" in the Randall County lawsuit were "subject to the dominant jurisdiction in the lawsuit pending between the parties in Nolan County, Texas." Judge Estevez granted Bristow's plea in abatement and abated the Randall County lawsuit "until such time as the issues in the Nolan County lawsuit are resolved."

Sentry filed a petition for writ of mandamus in the Amarillo Court of Appeals. Sentry argued that it had appealed the Division's award to the 251st District Court before Bristow appealed the award to the 32nd District Court and that the 251st District Court had dominant jurisdiction over the appeal of the award. Sentry requested that the Amarillo Court of Appeals direct Judge Estevez to vacate the order in which she abated the Randall County lawsuit and to issue an order in which she denied Bristow's plea to the jurisdiction and plea in abatement and enjoined Judge Harrison from adjudicating Bristow's appeal of the Division's award.

The Amarillo Court of Appeals denied Sentry's petition for mandamus relief on June 15, 2021. *In re Sentry Ins. a Mut. Co.*, No. 07-21-00123-CV, 2021 WL 2448083, at *2 (Tex. App.—Amarillo June 15, 2021, orig. proceeding) (mem. op.) (*Sentry II*). In its opinion, the court described the litigation between Sentry and Bristow dating back to 2018 that related to (1) the CSA, (2) Sentry's obligation to pay for Bristow's home care pursuant to the CSA, and (3) the allegation that Sentry overpaid those expenses. *Id.* at *1. The court held (1) that "the allegations presented in the Randall County action mirrored those the insurer proffered earlier in Nolan County," (2) that "the comparability between the parties and allegations underlying

9

both district court actions illustrates that the proceedings are interrelated," and (3) that "the Nolan County proceedings involving the common parties and claims were initiated long before the Randall County suit." *Id.* at \*2. The court held that Judge Estevez did not abuse her discretion when she abated the Randall County lawsuit. *Id.*

In its plea to the jurisdiction in this case, Sentry asserted that Bristow had failed to exhaust his administrative remedies as to the claims based on the delayed payment of, or failure to pay, medical expenses and requested that those claims be dismissed for lack of jurisdiction. On June 1, 2021, Sentry filed a reply in support of its plea to the jurisdiction in which it also asserted that Bristow lacked standing to appeal the Division's award because he had prevailed on Sentry's claim for a credit or an offset on future home health care payments. Judge Harrison denied the plea to the jurisdiction that same day.

Sentry filed this petition for writ of mandamus in which it requests that we direct Judge Harrison to dismiss for lack of subject-matter jurisdiction (1) Bristow's claims based on the delayed payment of, or failure to pay, medical bills because Bristow failed to exhaust his administrative remedies as to those claims and (2) Bristow's appeal of the Division's award because Bristow lacks standing to appeal the award.

*Analysis*

Mandamus is an extraordinary remedy and is warranted only when the trial court clearly abused its discretion and there is no adequate remedy by appeal. *In re C.J.C.*, 603 S.W.3d 804, 811 (Tex. 2020) (orig. proceeding); *In re Murrin Bros., 1885, Ltd.*, 603 S.W.3d 53, 56 (Tex. 2019) (orig. proceeding). The relator bears the burden to prove both of these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding).

A trial court abuses its discretion when its ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). "Similarly, a trial court abuses its discretion when it fails to analyze or apply the law correctly." *Id.*; *see also In re Geomet Recycling LLC*, 578 S.W.3d 82, 91 (Tex. 2019) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *In re Geomet Recycling*, 578 S.W.3d at 91 (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)).

## A. Claims Based On Delayed Payment Of, Or Failure To Pay, Medical Expenses

Sentry first requests that we direct Judge Harrison to dismiss Bristow's statutory and common law claims based on the delayed payment of, or failure to pay, medical expenses. Under the law in effect at the time of Bristow's injury, "[a]ll questions" arising under the workers' compensation act generally are required to be determined by the Division. Act of May 28, 1977, 65th Leg., R.S., ch. 412, § 1, 1977 Tex. Gen. Laws 1113, 1113. After the first final award or judgment, the Division has continuing jurisdiction "to render successive awards to determine the liability of the [carrier] for the cost or expense" of medical services "actually furnished to and received" by the employee not more than six months prior to the date of the successive award. *Id.* at 1114.

A party is required to give notice within twenty days of the Division's final ruling or decision that he will not abide by the ruling or decision. *Id.* at 1113. The party must then file suit within twenty days of when he filed the notice not to abide. *Id.* If the party fails to timely file suit, the Division's final ruling or decision is binding on all parties to the ruling or decision. *Id.* at 1114.

When, as in this case, the suit is settled and the settlement is approved by the court in an agreed judgment, any dispute that subsequently arises over "the payment

11

of medical, hospital, nursing, chiropractic or podiatry services or aids or treatment, or for medicines or prosthetic appliances" must be "first presented" to the Division. Act of May 20, 1983, 68th Leg., R.S., ch. 501, § 1, 1983 Tex. Gen. Laws. 2934, 2934. Unless good cause is shown, all such disputes should be presented to the Division within six months of the time the dispute has arisen. *Id.* A dispute arises when a "written refusal of payment" is filed with the Division. *Id.* However, the Division does not have jurisdiction "to rescind or set aside" an agreed judgment approved by the court. *Id.* at 2935.

If the Division has jurisdiction over a dispute under an agreed judgment, the party is required to first submit that dispute to the Division. *City of Houston v. Rhule*, 417 S.W.3d 440, 443 (Tex. 2013) (per curiam). A claimant's failure to exhaust his administrative remedy divests the trial court of subject-matter jurisdiction. *Id.*

In his seventh amended counterclaims, Bristow reasserted the claims that Judge Harrison dismissed pursuant to our opinion in the first mandamus proceeding. Specifically, Bristow alleged (1) that Sentry violated the DTPA based on a failure to "pay medical," (2) that Sentry breached the duty of good faith and fair dealing when it engaged in a "pattern of conduct" to delay payment of, or fail to pay, medical expenses for the treatment for ulcers that Bristow had developed as a result of his confinement to a wheel chair, and (3) that Sentry violated Chapter 541 of the Texas Insurance Code "based on the same facts alleged above." Bristow also sought enforcement of the CSA because "Sentry has denied payment of reasonable and necessary medical expenses."

The Division has continuing jurisdiction to render a successive award to determine Sentry's liability for medical services actually provided to Bristow after March 31, 1993. *See* Act of May 23, 1977, 65th Leg., R.S., ch. 412, § 1, 1977 Tex. Gen. Laws 1113, 1114. Therefore, Bristow was required to submit to the Division

12

for determination any claim based on Sentry's alleged delayed payment of, or failure to pay, medical expenses for treatment provided to Bristow after March 31, 1993. *See Sentry I*, 2020 WL 6554795, at *5. In support of a request for the Division to consider the dispute, Bristow was required to provide (1) the itemized bill as originally submitted to the carrier, (2) a copy of the carrier's denial to pay the bill, and (3) supporting medical documentation. 28 TEX. ADMIN. CODE § 42.307(c)(2)–(4) (1989) (Tex. Dep't of Ins., Div. of Workers' Comp., Procedures for Requesting Dispute Review). The Division informed Bristow of these requirements on January 18, 2017, and referred him to this same information on February 28, 2019. Bristow's failure to provide this information could constitute grounds for the Division to reject his request for a prehearing conference. 28 TEX. ADMIN. CODE § 61.5(a) (1989) (Tex. Dep't of Ins., Div. of Worker's Comp., Request for Prehearing Conference)

Bristow argues (1) that he submitted his claims related to the medical expenses to the Division for determination when, in response to the notice that the prehearing conference requested by Sentry had been scheduled, he submitted medical bills to the prehearing officer and when he submitted the same bills in support of his formal statement of position and (2) that the Division failed to consider those bills. However, Bristow was required to submit medical information that had "a bearing on the claim at hand." 28 TEX. ADMIN. CODE § 61.30 (1977) (Tex. Dep't of Ins., Div. of Worker's Comp., Filing of Medical Information). The only claim scheduled for the prehearing conference was Sentry's request that it receive a claim or offset on future home health care payments because it had made excessive payments for home health care expenses between 2014 and 2018. The evidence submitted by Bristow for the prehearing conference and in support of his formal statement of position did not have a bearing on Sentry's claim.

Further, Bristow failed to comply with the Division's dispute resolution process when he failed to provide documents to the Division that established that any of the bills had been submitted to Sentry or that Sentry refused to pay the bills and did not provide any supporting medical documentation for the medical bills. *See* 28 TEX. ADMIN. CODE § 42.307(c). Finally, the Division did not issue an order in which it found that Bristow was entitled to receive the medical benefits. 28 TEX. ADMIN. CODE § 42.310(d) (1988) (Tex. Dep't of Ins., Div. of Worker's Comp., Board Review and Resolution). Based on this record, because Bristow did not make a formal request that the Division consider any unpaid medical bill and the Division did not rule on any dispute over an unpaid medical bill, Bristow did not exhaust his administrative remedies as to any claims based on or related to those medical bills. *See Pickett v. Tex. Mut. Ins. Co.*, 239 S.W.3d 826, 839 (Tex. App.—Austin 2007, no pet.) (holding that assertions by claimants under the new workers' compensation law that they submitted certain claims to the Texas Workers' Compensation Commission or made oral requests for the Commission to reconsider certain claims was not evidence that the Commission reviewed the benefits dispute or issued orders that the claimant was entitled to medical benefits); *see also Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 804 (Tex. 2001) (holding that claims for extracontractual damages based on a failure to pay or delay in paying medical benefits does not relieve a claimant from exhausting administrative remedies before the Division when the entitlement to the medical benefits is in dispute).

Because Bristow failed to exhaust his administrative remedies as to any claims based on or related to the allegedly delayed or unpaid medical bills, Judge Harrison did not have subject-matter jurisdiction over those claims. *See Rhule*, 417 S.W.3d at 443 (holding that claimant's failure to exhaust his administrative remedies for breach of a settlement agreement divested the trial court of jurisdiction); *In re Liberty*

*Mut. Fire Ins. Co.*, No. 04-14-00254-CV, 2014 WL 3747332, at *4 (Tex. App.—
San Antonio July 30, 2014, orig. proceeding [mand. denied]) (holding that, because
the carrier's obligation to pay any disputed expense was required to be determined
by the administrative process before the trial court had jurisdiction to review the
administrative determination, a claim for misrepresentation pursuant to the
Insurance Code must also be dismissed for lack of jurisdiction); *see also Fodge*, 63
S.W.3d at 804 ("[J]ust as a court cannot award compensation benefits, except on
appeal from a Commission ruling, neither can it award damages for a denial of
payment of compensation benefits without a determination by the Commission that
such benefits were due.").

We hold that Judge Harrison abused his discretion when he denied Sentry's
plea to the jurisdiction as to Bristow's claims based on the delayed payment of, or
failure to pay, medical expenses. Further, relief by mandamus is appropriate when
a claimant fails to exhaust his administrative remedies through the workers'
compensation system prior to filing suit. *In re Accident Fund Gen. Ins. Co.*, 543
S.W.3d 750, 754–55 (Tex. 2017) (orig. proceeding) (per curiam); *In re Crawford &
Co.*, 458 S.W.3d 920, 928–29 (Tex. 2015) (orig. proceeding) (per curiam).

*B. Division's Award*

Sentry also requests that we direct Judge Harrison to dismiss Bristow's appeal
of the Division's award because Bristow does not have standing to appeal an award
that did not adversely affect him. However, Bristow appealed the Division's
assertion of jurisdiction over the home health care payments made pursuant to the
CSA. Although the substantive award entered by the Division was favorable to him,
Bristow did not prevail on his position that the Division lacked jurisdiction to enter
an award based on the CSA.

Sentry also argues that it is entitled to relief because, after the Amarillo Court of Appeals denied Sentry's petition for writ of mandamus, "Sentry's appeal of the Division's award cannot proceed while Bristow's improper appeal of the Division's award remains pending." However, the Amarillo Court of Appeals did not deny Sentry's request for mandamus relief on the sole basis that the Nolan County District Court has dominant jurisdiction over the appeal of the Division's award. Rather, it considered the entire litigation between Sentry and Bristow stretching back to 2018 and noted that the lawsuits in Randall County and Nolan County involve the same allegations regarding the overpayment of home health care expenses. *Sentry II*, 2021 WL 2448083, at *1–2. The Amarillo Court of Appeals specifically determined (1) that "the comparability between the parties and allegations underlying both district court actions illustrates that the proceedings are interrelated," (2) that "Nolan County proceedings involving the common parties and claims were initiated long before the Randall County suit," (3) that "the Nolan County actions/counterclaims and the related circumstances upon which they were based were already pending" at the time that the Division entered the award, and (4) that "irrespective of how fast Sentry may have rushed to Randall County after the Division's decision, it was not quick enough to precede the Nolan County suits and their interrelated claims." *Id.* at *2 & n.4. We agree with our sister court's analysis. Therefore, even if Bristow's appeal of the Division's award were dismissed, Sentry would still be unable to proceed with its case in Randall County until this litigation is resolved.

We hold that Judge Harrison did not abuse his discretion when he denied Sentry's plea to the jurisdiction as to Bristow's appeal of the Division's award.

### This Court's Ruling

We deny Sentry's petition for writ of mandamus as to Bristow's appeal of the Division's award. We conditionally grant Sentry's petition for writ of mandamus as

to Bristow's common law and statutory claims based on or related to Sentry's alleged delayed payment of, or failure to pay, medical expenses incurred by Bristow after March 31, 1993. We direct Judge Harrison to dismiss for lack of subject-matter jurisdiction Bristow's claims (1) that Sentry violated the DTPA based on a "course of conduct" related to the delayed payment of, or failure to pay, medical expenses that was intended to avoid Sentry's liability under the CSA; (2) that Sentry breached the duty of good faith and fair dealing when it engaged in a "pattern of conduct" to delay or fail to pay medical expenses for ulcers that Bristow had developed as a result of his confinement to a wheel chair; and (3) that Sentry violated Chapter 541 of the Texas Insurance Code based on Sentry's alleged delayed payment of, or failure to pay, medical expenses and Bristow's request that the CSA be enforced because "Sentry has denied payment of reasonable and necessary medical expenses." A writ of mandamus will issue only if Judge Harrison does not comply by August 11, 2021.

W. BRUCE WILLIAMS
JUSTICE

July 30, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.