**Affirmed and Opinion Filed June 7, 2023**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00860-CV

**LINDA HENDERSON, Appellant**
**V.**
**ALTURA REALTY LLC, Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-21-03582-E**

## MEMORANDUM OPINION

Before Justices Carlyle, Garcia, and Miskel
Opinion by Justice Miskel

Linda Henderson, pro se,[1] appeals the county court's default judgment in

favor of Altura Realty LLC in a forcible-detainer action for possession of a property

located on Kensington Drive in DeSoto, Texas. Henderson raises two issues[2] on

appeal arguing the county court erred because: (1) the justice court did not have

---

[1] A pro se litigant is held to the same standards as a licensed attorney. *Henderson v. Freedom Mortg. Corp.*, No. 05-19-01258-CV, 2021 WL 1186149-CV, at *1 (Tex. App.—Dallas Mar. 30, 2021, no pet.) (mem. op.). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Id.*

[2] In the "Issues Presented" section of her brief, Henderson lists three separate issues. However, in the "Arguments" section, she combines the second and third issues into a single issue and argument.

subject-matter jurisdiction over the forcible-detainer action and therefore, the county court also lacked jurisdiction; and (2) the evidence is legally insufficient to establish Altura Realty's status as a holder of the note. We conclude there is subject-matter jurisdiction and the evidence is legally sufficient. The county court's default judgment is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Altura Realty acquired the property from Freedom Mortgage Corporation through a foreclosure sale. Through its legal counsel, Altura Realty sent Henderson written notice to vacate and demand for possession of the property.

After Henderson refused to vacate, Altura Realty filed a verified original petition for forcible detainer in the justice court (trial court cause no. JE-2101112G). After a default bench trial, the justice of the peace signed a judgment in favor of Altura Realty for possession of the property and noted that Henderson had failed to answer or deny the suit. Henderson appealed the justice court's judgment to the county court (trial court cause no. CC-21-03582-E) for a trial de novo.[3]

Altura Realty filed the following documents as evidence: (1) Dallas Central Appraisal District documents related to the property; (2) a special or limited warranty deed whereby Freedom Mortgage conveyed the property to Altura Realty; (3) a notice to vacate sent from Altura Realty's legal counsel by certified mail to

---

[3] *See* TEX. R. CIV. P. 510.10(c).

Henderson; (4) a COVID notice of possible eviction; and (5) a report related to attorney's fees.  Henderson failed to appear at a dispositive setting and the county court judge signed a default judgment awarding Altura Realty possession of the property and attorney's fees.[4]

Henderson filed a motion to set aside the default judgment arguing she did not file an answer because she was not properly served with citation, she did not receive notice of the trial, and she has a meritorious defense because Altura Realty did not have a contractual agreement with her.  The county court held a hearing on Henderson's motion, and according to Henderson, denied it.[5]

A writ of possession issued.

## II.  SUBJECT-MATTER JURISDICTION

In issue one, Henderson argues the justice court did not have subject-matter jurisdiction over the forcible-detainer action and therefore, the county court also lacked jurisdiction.  She contends that Altura Realty did not acquire the property through a legal sale and therefore, the issue of the title to the real property is intertwined with the issue of possession.

---

[4] The record does not contain a reporter's record of the trial in the county court.

[5] The record does not contain a reporter's record of the hearing on Henderson's motion to set aside the default judgment or an order denying the motion.  However, in her notice of appeal, Henderson states that a hearing occurred, and during that hearing, the county court denied her motion.

## A. Standard of Review

Subject-matter jurisdiction is essential to the authority of a court to decide a case and is never presumed. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). Subject-matter jurisdiction is essential to a court's power to decide a case and presents a question of law that courts must review de novo. *See City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013).

When determining whether subject-matter jurisdiction exists in a forcible-detainer action, an appellate court focuses first on the plaintiff's petition to determine whether the facts pleaded affirmatively demonstrate that jurisdiction exists. *See Sosa v. Garcia*, No. 01-13-01033-CV, 2015 WL 545529, at *1 (Tex. App.—Houston [1st Dist.] Feb. 10, 2015, no pet.) (mem. op.) (citing *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007) and *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). An appellate court must examine the pleadings, taking as true the facts pleaded, and determine whether those facts support jurisdiction in the trial court. *See Sosa*, 2015 WL 545529, at *1. The appellate court will construe the pleadings in favor of the pleader. *See id.* To defeat the trial court's subject-matter jurisdiction in a forcible-detainer action, the defendant must provide specific evidence of a genuine title dispute that is intertwined with the issue of immediate possession. *In re Catapult Realty Capital, L.L.C.*, No. 05-19-01056-CV, 2020 WL 831611, at *8 (Tex. App.—Dallas Feb. 20 2020, orig. proceeding and no pet.) (mem. op.) (combined orig. proceeding and appeal).

### A. Applicable Law

District courts generally have exclusive jurisdiction to determine title to real property. *In re Catapult Realty*, 2020 WL 831611, at *7 (citing TEX. GOV'T CODE ANN. § 26.043). However, jurisdiction over a forcible-detainer action is given to a justice court in the precinct where the property is located. *See* GOV'T § 27.031(a)(2); TEX. PROP. CODE ANN. § 24.004(a); TEX. R. CIV. P. 510.3(b); *In re Catapult Realty*, 2020 WL 831611, at *7; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 15.084 (forcible entry and detainer suits). The justice court's judgment in an eviction case may be appealed for a trial de novo in the county court. *See* TEX. R. CIV. P. 510.10(c); *In re Catapult Realty*, 2020 WL 831611, at *7. Notwithstanding the grant of general jurisdiction to a county court, in an appeal of a forcible-detainer judgment, the county court's jurisdiction extends only as far as the justice court's jurisdiction. *In re Catapult Realty*, 2020 WL 831611, at *7.

However, rule 510.3(e) specifies that the only issue the justice or county courts may adjudicate is the right to possession, not title, and any counterclaims and joinder of suits against third parties must be brought in a separate suit in a court of proper jurisdiction. *See* TEX. R. CIV. P. 510.3(e); *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 919 (Tex. 2013); *In re Catapult Realty*, 2020 WL 831611, at *7. As a result, in most cases, when there are issues of title and right to immediate possession, the issues may be litigated in separate proceedings in different courts with appropriate jurisdiction. *In re Catapult Realty*, 2020 WL

–5–

831611, at *6. Because a forcible-detainer action is not exclusive, but cumulative, of any other remedy that a party may have, the displaced party is entitled to bring a separate suit in the district court to determine the question of title. *Id.* at *7. As a result, justice and county courts may adjudicate possession when issues related to the title of real property are tangentially or collaterally related to possession. *Id.*

When there are grounds for determining immediate possession independent from title, the justice court and county court will have jurisdiction to hear the forcible-detainer action. *Id.* Not only can the right to immediate possession be determined separately from the right to title, but the Texas Legislature purposely established just such a system. *Id.* Challenges to the validity of a foreclosure sale do not deprive the justice court or county court of jurisdiction. *Id.* However, when the right to immediate possession necessarily requires the resolution of a title dispute, the justice court, and consequently the county court, have no jurisdiction to enter a judgment and the case must be dismissed. *Id.* at *8.

### B. Courts Had Subject-Matter Jurisdiction Over Forcible-Detainer Action

In its petition for forcible detainer, Altura Realty alleged that it purchased the property in a foreclosure sale, sent Henderson a written notice to vacate, and Henderson was a holdover tenant. Taking as true the facts pleaded by Altura Realty and construing them in its favor, we conclude these allegations are sufficient to support subject-matter jurisdiction in the justice and county courts. *See Sosa*, 2015 WL 545529, at *1.

In addition, the record does not contain any pleadings or evidence challenging these alleged facts—Henderson did not answer or appear in this suit at the justice court or the county court prior to judgment being rendered against her in either court. Nor does Henderson contend that there was a suit to quiet title pending in the district court at the time the forcible detainer action was pending in the justice and county courts. She did not plead any dispute involving title to real property. In order to defeat jurisdiction, it was Henderson's burden to provide specific evidence of a genuine title dispute intertwined with the issue of possession. *See generally In re Catapult Realty*, 2020 WL 831611, at *8.

Further, Henderson failed to request or file a reporter's record in this appeal, and the county court judge did not file written findings of fact and conclusions of law. Accordingly, we must presume the evidence presented supported the county court's default judgment, and its implicit finding that the resolution of title was not required for a determination of the right to immediate possession. *See Henderson v. Freedom Mortg. Corp.*, No. 05-19-01258-CV, 2021 WL 1186149-CV, at *2 (Tex. App.—Dallas Mar. 30, 2021, no pet.) (mem. op.).

Nothing in the record on appeal supports Henderson's assertion that a title dispute was pending at the time the justice and county courts considered the forcible detainer action or that the existence of a title dispute was ever presented to the justice or county courts. Thus, the record does not support that the issue of title to the real

property is intertwined with the issue of possession. Accordingly, we conclude the justice and county courts had subject-matter jurisdiction.

Issue one is decided against Henderson.

## III. SUFFICIENCY OF EVIDENCE

In issue two, Henderson argues the evidence is legally insufficient to establish Altura Realty's status as a holder of the note.[6] She contends there is no evidence Freedom Mortgage transferred the note to Altura Realty.

### A. Standard of Review

Evidence is legally insufficient to support a finding when: (1) the record bears no evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017); *Lua v. Capital Plus Fin., LLC*, 646 S.W.3d 622, 632 (Tex. App.—Dallas 2022, pet. denied). When determining whether legally sufficient evidence supports a finding, an appellate court must consider evidence favorable to the finding if the factfinder could reasonably do so and disregard evidence contrary to the finding unless a reasonable factfinder could not.

---

[6] In her briefing, Henderson argues there is "no evidence" and that "[Altura Realty] failed to demonstrate its status as a holder." Also, Henderson prays that this Court grant her reentry onto the property and $2 million in damages. As a result, we liberally construe Henderson's complaint as a legal sufficiency challenge and a request that we render judgment in her favor. *See Scott Pelley P.C. v. Wynne*, No. 05-15-01560-CV, 2017 WL 3699823, at *7 (Tex. App.—Dallas Aug. 28, 2017, pet. denied) (mem. op.).

*Shields*, 526 S.W.3d at 480; *Lua*, 646 S.W.3d 622, 632. Further, the sufficiency of the evidence to support a default judgment can be challenged even though the challenging party is not entitled to have the default set aside under *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939). *See In re Marriage of Williams*, 646 S.W.3d 542, 545 (Tex. 2022).

In an appeal from a bench trial where neither party has requested findings of fact and conclusions of law, the trial court's implied findings are reviewable for legal and factual sufficiency of the evidence. *See Shields*, 526 S.W.3d at 480; *D'Olivio v. Hutson*, No. 05-20-01118-CV, 2022 WL 2980706, at *1 (Tex. App.—Dallas July 28, 2022, pet. denied) (mem. op.). However, when there is no reporter's record and findings of fact and conclusions of law are not requested or filed, the judgment of the trial court implies all necessary findings of fact to support the judgment. *Henderson*, 2021 WL 1186149-CV, at *2. In other words, an appellate court must presume the missing reporter's record supports the decisions of the trial court. *Id.*

### B. Applicable Law

Chapter 24 of the Texas Property Code authorizes a suit for forcible detainer to obtain possession of real property from a tenant who refuses to surrender possession. *See* PROP. §§ 24.001–.011. A forcible-detainer action is a procedure to determine the right to immediate possession of real property. *In re Catapult Realty*, 2020 WL 831611, at *7 n.20. It is a special proceeding governed by the Texas Property Code and Texas Rules of Civil Procedure. *See* PROP. §§ 24.001–24.011;

TEX. R. CIV. P. 510.1–510.13; *In re Catapult Realty*, 2020 WL 831611, at *7 n.20; *see also* CIV. PRAC. & REM. § 15.084 (forcible entry and detainer suits). Forcible-detainer actions are intended to be a summary, speedy, and inexpensive remedy for resolving the question of who is entitled to immediate possession of real property. *See Coinmach*, 417 S.W.3d at 919; *In re Catapult Realty*, 2020 WL 831611, at *7 n.20.

To establish a superior right to immediate possession, the person entitled to possession has the burden to prove: (1) it owns the property; (2) the person who refuses to surrender possession is a tenant at will, tenant at sufferance, or a tenant or subtenant willfully holding over after the termination of the tenant's right of possession; (3) the person entitled to possession gave proper notice to vacate the premises to the person refusing to surrender possession; and (4) the person refusing to surrender possession refused to vacate the premises. *Shields*, 526 S.W.3d at 478; *Lua*, 646 S.W.3d at 632; PROP. § 24.002. A plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *See Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).

A judgment in a forcible detainer action is a final determination only of the right to immediate possession; it is not a final determination of whether the eviction is wrongful or whether the tenant's continued possession was a trespass. *See Coinmach*, 417 S.W.3d at 919.

–10–

## C. Evidence is Legally Sufficient

The record on appeal does not contain a reporter's record. Nor does it contain a statement from the court reporter that the proceedings were not recorded, or that the record was lost or destroyed. In her docketing statement, Henderson stated that there is no reporter's record, she did not request a reporter's record, the reporter's record was not digitally recorded, and she did not make payment arrangements with the court reporter. The county court's default judgment suggests that there was a trial in the county court because it recites that "[Altura Realty] appeared through its attorney of record. [Henderson], although duly cited to appear, failed to appear at a dispositive setting as require by law."[7] And this is supported by the county court's docket sheet which reflects the case was tried before the county court.

Further, we note that the default judgment states that the county court judge "considered the pleadings, official records, and other evidence on file." The day before the county court trial, Altura Realty filed "evidence" that included a special or limited warranty deed whereby Freedom Mortgage conveyed the property to Altura Realty.

---

[7] It has long been a cardinal rule of appellate procedure in Texas that an appellate court must indulge every presumption in favor of the regularity of proceedings and documents in the trial court. *See Drake v. Walker*, No. 05-14-00355-CV, 2015 WL 2160565, at *4 (Tex. App.—Dallas May 8, 2015, no pet.) (mem. op.). The presumption of regularity is a judicial construct that requires a reviewing court, absent evidence of impropriety, to indulge every presumption in favor of the regularity of the trial court's judgment. *See id.* Therefore, an appellate court must uphold the presumption of regularity of the judgment and the proceedings absent a showing to the contrary. *See id.* The burden is on the complaining party to overcome this presumption. *See id.* However, the presumption of regularity applies only when the record is silent or ambiguous and, even then, only to reasonable presumptions. *Diamond Offshore Servs. Ltd. v. Williams*, 542 S.W.3d 539, 545 (Tex. 2018).

Henderson has failed to request or file a reporter's record in this appeal. And the county court judge did not file written findings of fact and conclusions of law. Accordingly, we must presume the evidence supports the county court's default judgment. *See Henderson*, 2021 WL 1186149-CV, at *2. As a result, we conclude the evidence is legally sufficient to establish Altura Realty's status as a holder of the note.

Issue two is decided against Henderson.

## IV. CONCLUSION

The justice and county courts had subject-jurisdiction over the forcible detainer action and the evidence is legally sufficient to support the county court's default judgment.

The county court's default judgment is affirmed.[8]

/Emily Miskel/
EMILY MISKEL
JUSTICE

210860f.p05

---

[8] We affirm the judgment as to Henderson and all other occupants.

–12–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LINDA HENDERSON, Appellant

No. 05-21-00860-CV      V.

ALTURA REALTY LLC, Appellee

On Appeal from the County Court at Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-21-03582-E.
Opinion delivered by Justice Miskel. Justices Carlyle and Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee ALTURA REALTY LLC recover its costs of this appeal and the full amount of the trial court's judgment from appellant LINDA HENDERSON and from any supersedeas bond or cash deposit in lieu of supersedeas bond.

After all costs have been paid, we **DIRECT** the clerk of the county court to release the balance, if any, of any cash deposit to the person who made the deposit.

Judgment entered this 7th day of June, 2023.