**Opinion issued June 12, 2025.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00703-CV

———————————

**GULFTON AREA MUNICIPAL MANAGEMENT DISTRICT AND JOSHUA WEISMAN, AZEB YUSUF, TOMASA (TAMMY) RODRIGUEZ, WILFREDO VELASQUEZ, STEVE HAJIZADE, TINO BEKARDI AND KOVID GUPTA, IN THEIR OFFICIAL CAPACITIES ONLY, Appellants**

**V.**

**APT VILLA CONTENTO LLC AND APTFP LLC, Appellees**

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-44094**

---

## MEMORANDUM OPINION

Appellants, Gulfton Area Municipal Management District (the "District"), and Joshua Weisman, Azeb Yusuf, Tomasa (Tammy) Rodriguez, Wilfredo Velasquez, Steve Hajizade, Tino Bekardi, and Kovid Gupta, in their official

capacities (collectively, the "Directors"), appeal the trial court's order denying their pleas to the jurisdiction in the suit brought against them by appellees, APT Villa Contento LLC and APTFP LLC (the "Companies"), formerly commercial property owners in the District, challenging the District's authority to assess and collect property taxes and ultimately, to enter an order excluding the Companies' property from the District.

We affirm the trial court's order as to the Companies' claim for injunctive relief from the District's exclusion order. We reverse as to the Companies' remaining claims and render judgment dismissing those claims for lack of jurisdiction.

## Background

The District is a municipal improvement district created by the Texas Legislature "to promote, develop, encourage, and maintain employment, commerce, transportation, housing, tourism, recreation, the arts, entertainment, economic development, safety and the public welfare in the district."[1]

In their petition, the Companies asserted that the District's board of directors had "no authority to levy and collect assessments" from the property owners because the Directors "were not lawfully recommended and appointed to the Board, and the Board did "not sit according to Texas law." Texas law requires that directors seated

---

[1] TEX. SPEC. DIST. LOC. LAWS CODE § 3889.001.

on the board be recommended by the previous directors, but "[i]n this case, they were not." The Companies alleged that the previous directors did not recommend replacements before their terms expired; instead, David Hawes, the principal of Hawes Hill & Associates, LLP ("Hawes Hill"), recommended that the Directors replace them. They alleged that Hawes had no authority to recommend the Directors and had a conflict of interest because Hawes Hill benefited financially from the Directors' appointment. The Companies also alleged that the District "failed to meet the necessary requirements in order to assess or finance a service or improvement project" because it did not have "the minimum consent" of property owners in the district required "to establish a tax/assessment or to assess or finance a service or improvement project." And the Companies complained that they were unlawfully taxed retroactively for tax year 2021, when the District had "provided no service."

They asked the trial court for a "refund of the illegal tax payments" they had made under duress, or, alternatively, to "create and declare a constructive trust" over the funds. The Companies also asserted that they were entitled to equitable and prospective relief for the District's "ongoing constitutional violations"[2] and sought to enjoin the District and the Directors from levying and collecting the tax

---

[2] *See* TEX. CONST. art. I, §§ 17, 19, 29 (prohibiting taking of private property for public use without adequate compensation and deprivation of property except by due course of law, and declaring void any law contrary to Texas Constitution Article I).

3

assessments from them in the future, asserting that the Directors "were not lawfully recommended and appointed to the Board and the Board does not sit according to Texas law."

In their Uniform Declaratory Judgment Act ("UDJA") claim,[3] the Companies asked the trial court to declare that the District "failed to meet the requirements of establishing a tax/assessment" and that its "levying and collection of the assessment [wa]s unlawful" because did not have the "minimum consent of present owners to establish a tax/assessment or to assess or finance a service or improvement project." And they requested that the trial court award their attorney's fees and "[p]rejudgment interest as provided by law."

The District and the Directors responded with pleas to the jurisdiction. In its plea, the District explained that, as a "political subdivision of the State, it retain[ed] immunity from suit, except when the Legislature has expressly waived it." According to the District, the Companies, in challenging the legitimacy of the Directors' appointment to its board, failed to satisfy their burden to show a waiver of governmental immunity because a writ of quo warranto was the only remedy available "to determine disputed questions about the proper person entitled to hold

---

[3]   *See* TEX. CIV. PRAC. & REM. CODE §§ 37.001–37.011.

a public office and exercise its functions," and only the State had standing to seek a writ of quo warranto.[4]

The District maintained that the UDJA did not waive governmental immunity for complaints about a government entity's actions taken pursuant to a state statute. The Directors also argued that immunity was not waived for the Companies' constitutional claims because they did not allege and could not prove that the District's board of directors could not have had any arguably legitimate reason for adopting the special assessment, and the Companies' complaint that the District's special assessment was unlawfully retroactive was factually and legally incorrect. And, as to the Companies' request for retrospective financial relief or their challenges to the District's adoption of its assessment, the Directors argued that the Companies failed to exhaust their administrative remedies.[5]

In their plea to the jurisdiction, the Directors explained that, as government officials sued in their official capacity, they had the same governmental immunity as a government entity, except when a plaintiff asserts a viable claim that the official acted ultra vires. They argued that the trial court lacked subject matter jurisdiction over the Companies' claims against them because the claims challenge the

---

[4]   *See* TEX. CIV. PRAC. & REM. CODE § 66.002(a).

[5]   *See* TEX. LOC. GOV'T CODE § 375.124 ("A person against whom an assessment is made by board order may appeal the assessment to a district court in the county in which the district is located in the manner provided for the appeal of contested cases under Chapter 2001, Government Code.").

5

legitimacy of their authority to hold office, a challenge that only the State may assert in a quo warranto proceeding. The Directors also argued that the Companies did not show any waiver of their immunity as they did not allege viable ultra vires or constitutional claims, nor did the Companies identify any legislative waiver for their claims for equitable relief against the Directors. And the Directors maintained that the Companies' suit was barred by their failure to exhaust the administrative remedies available for challenging the District's assessment.[6]

The Companies jointly responded to the pleas to the jurisdiction, arguing that the District and the Directors were wrong in characterizing the Companies' claim against the validity of the District's and the Directors' actions as a request for a writ of quo warranto because it did not seek the Directors' removal from office, only reimbursement for the unlawful and unconstitutional tax payments that the Companies made to the District under duress, and the District had "no governmental immunity from a claim that it charged and collected an illegal tax." According to the Companies, the trial court had jurisdiction "to review and, if necessary, enjoin" the unlawful assessment. The District was not entitled to retain the Companies' funds "which were unlawfully levied and collected," and the Companies were entitled to

---

[6] *See* TEX. LOC. GOV'T CODE § 375.123 (requiring property owner that wants to appeal assessment to "file a notice of appeal with the board not later than the 30th day after the date that the assessment is adopted").

equitable relief to prevent the District's unjust enrichment through its unconstitutional taking of their funds.

The Companies also asserted that the trial court had jurisdiction over their ultra vires claims and that there was no governmental immunity from their claims against the District that it had charged an illegal tax. And they claimed that they were not required to exhaust administrative remedies for ultra vires actions or constitutional violations.

During the same week that the Companies responded to the jurisdictional pleas, the District's Board of Directors called a public hearing. The hearing culminated in an order in which the board excluded the Companies' property from the District's boundaries and refunded all assessments that the Companies had paid to the District (the "exclusion order").[7] In the exclusion order, the Board found that "the District [wa]s engaged in litigation, pending and threatened, with regard to [the Companies' property] and, "without agreement as to any merit" as to the litigants' arguments, exclusion of the Companies' properties from the District would avoid "significant expense, delay and distraction" in carrying out its functions. Thus, the

---

[7] See TEX. LOC. GOV'T CODE § 375.044(a) ("[T]he board on its own motion may call a hearing on the question of the exclusion of land from the district . . . if the exclusions are practicable, just, or desirable.").

Board concluded, it would be "practicable, just, and desirable" and in the District's "best interests . . . to exclude the [Companies' properties] from the District."

The Board adopted the exclusion order "effective immediately" and authorized the Directors "to take all necessary steps to accomplish" the order's purposes. It ordered that "[t]he current assessment levy" against the Companies' property be refunded and declared that it "shall not, and will not in the future, apply to the [Companies' property]."

After learning of the exclusion order, the Companies filed a supplemental pleading in which they challenged their exclusion from the District as unlawful and the Directors' collective actions that led to their exclusion as ultra vires. The Companies also complained that the refund ordered in the exclusion order was only partial; it "did not include interest or attorney['s] fees." As a result, they did not accept the refund as ordered and sued "for the full refund, interest on the money unlawfully held by [the District] and for reasonable attorney's fees made necessary by [the District's] conduct." And the Companies asked the trial court for injunctive relief from the exclusion order, asserting that the decision to exclude them from the District violated their constitutional and statutory rights.

To address the Companies' supplemental pleading, the District and the Directors jointly filed a supplement to their pleas to the jurisdiction, in which they informed the trial court about the exclusion order and explained that it ordered the

8

refund of all assessments that the Companies had paid. The District and the Directors argued that, as a result of the exclusion order, the Companies lacked standing to proceed with their claims against the District and the Directors because the Companies were no longer "owners of property within the District" and were "not 'taxpayers' with respect to the special assessments about which they complain[ed]." The District and the Directors also filed a reply in support of their jurisdictional pleas, asserting that the Companies' allegations in their response were conclusory and did not meet their burden to establish a waiver of governmental immunity.

Following a hearing, the trial court denied the pleas to the jurisdiction.

**Standard of Review**

"A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction." *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Subject matter jurisdiction is essential to a court's power to decide a case. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013). To establish subject matter jurisdiction, a plaintiff must allege facts that affirmatively demonstrate the court's jurisdiction to hear the claim. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). We review de novo a trial court's ruling on a jurisdictional plea. *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Pol. Subdivs. Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 323 (Tex. 2006).

9

**Plea to the Jurisdiction**

In their first and second issues, the District and the Directors argue that no jurisdiction exists over the Companies' various claims because certain claims are moot, the Companies lack standing to bring other claims, and the District and the Directors are immune from suit as to the remaining claims. We consider each challenge in turn.

**1.    The Companies' claims seeking refund of tax payments are moot.**

The District and the Directors argue that because the Companies' tax payments have been refunded and the Companies have been excluded from the District's boundaries, their claims against the District based on the tax assessments, which include their constitutional claims and their claim for a constructive trust, are moot. "A case becomes moot when (1) a justiciable controversy no longer exists between the parties, (2) the parties no longer have a legally cognizable interest in the case's outcome, (3) the court can no longer grant the requested relief or otherwise affect the parties' rights or interests, or (4) any decision would constitute an impermissible advisory opinion." *Elec. Reliability Council of Tex., Inc. v. Panda Power*, 619 S.W.3d 628, 634–35 (Tex. 2021).

The Companies counter that, like the assessments, the District's refund of their tax payments was unauthorized. But the Companies cannot have it both ways. In refunding the assessments, the District undid its prior act of collecting them; the

10

refund order is not a separate invalid act. Having been refunded, the Companies no longer have any claim to a refund, and a court may no longer address those claims. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex. 2018). We hold that the trial court erred in denying the District's plea to the jurisdiction as to the Companies' claims seeking refund of their tax payments.

**2. The Companies lack standing to challenge the Directors' authority to hold office.**

The District and the Directors also argue that the trial court erred in denying their pleas to the jurisdiction as to the Companies' claim for injunctive relief against the Directors because the Companies lack standing to challenge the Directors' authority to hold and exercise the functions of their public offices. Texas law "has long recognized that governmental immunity does not bar claims alleging that a government officer acted ultra vires, or without legal authority, in carrying out his duties." *Houston Belt & Terminal Ry. v. City of Houston*, 487 S.W.3d 154, 157–58 (Tex. 2016). "An ultra vires claim based on actions taken 'without legal authority' has two fundamental components: (1) authority giving the official some (but not absolute) discretion to act and (2) conduct outside of that authority." *Hall v. McRaven*, 508 S.W.3d 232, 239 (Tex. 2017); *see Houston Belt & Terminal Ry. v. City of Houston*, 487 S.W.3d 154, 158 (Tex. 2016) ("[A] government officer with some discretion to interpret and apply a law may nonetheless act 'without legal

authority,' and thus ultra vires, if he exceeds the bounds of his granted authority or if his acts conflict with the law itself.").

The Companies, though, did not allege that the Directors acted outside their authority; they alleged that the Directors were not properly appointed to their offices, were not entitled to hold their offices, and thus had no authority at all. That is not an ultra vires claim. *See Hall*, 508 S.W.3d at 239 (fundamental component of ultra vires claim is that official had "some (but not absolute) discretion to act").

A writ of quo warranto is the exclusive remedy available to determine disputed questions about "the proper person entitled to hold a public office and exercise its functions." *State ex rel. Angelini v. Hardberger*, 932 S.W.2d 489, 490 (Tex. 1996). Only the State has standing to bring a quo warranto proceeding. *See* TEX. CIV. PRAC. & REM. CODE § 66.002(a)–(b) (attorney general or county or district attorney of proper county may petition "for leave to file an information in the nature of quo warranto"; petition "must state that the information is sought in the name of the State of Texas").

The Companies try to distinguish their claim from one in quo warranto, noting that they do not seek the Directors' removal from office. *See id.* § 66.003(1) (if person is found to hold office unlawfully, court must enter judgment removing person from office). Yet in asking the trial court to adjudicate whether the Directors have the authority to act as public officials, as opposed to the authority to make a

12

specific decision, the ruling that the Companies seek could affect the validity of all actions taken by the Directors under color of office. *See, e.g.*, *Tex. REIT, LLC v. WCW Houston Props.*, LLC, No. 14-22-00827-CV, 2024 WL 2859635, at *5 (Tex. App.—Houston [14th Dist.] June 6, 2024, no pet.) (mem. op.) (explaining offensive use of collateral estoppel). As private litigants, the Companies lack standing to challenge the Directors' authority based on the validity of their appointment to office. *See, e.g.*, *Nelson v. Head*, No. 13-18-00484-CV, 2019 WL 6315425, at *4 (Tex. App.—Corpus Christi Nov. 26, 2019, no pet.) (mem. op.) (despite appellee disclaiming that he sought quo warranto relief, he lacked standing to bring claims that "constitute[d] a clear attack" on city councilmembers' right to serve fourth term). Thus, we hold that the trial court erred in denying the District's and the Directors' pleas to the jurisdiction on the Companies' claims challenging the validity of the Directors' appointments.

### 3. Governmental Immunity

The District and the Directors assert that they are entitled to immunity from suit on the Companies' claims for declaratory relief and for injunctive relief from the exclusion order. Sovereign immunity protects the state and its agencies from lawsuits and liability for money damages and deprives courts of subject matter jurisdiction over a plaintiff's claims. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 & n.2 (Tex. 2008). Governmental immunity offers the same

13

protections for the state's political subdivisions, including municipalities. *Id.*; *see Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). Municipal management districts are political subdivisions of the state. *See* TEX. LOC. GOV'T CODE § 375.004.

To prevail on an assertion of governmental immunity, the governmental defendant "may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). When, as here, a plea to the jurisdiction challenges the plaintiff's pleadings, we must determine whether the plaintiff has alleged facts that affirmatively demonstrate jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Whether the plaintiff has met this burden is also a question of law that we review de novo. *Id.* Under this review, we construe the pleadings liberally in favor of the plaintiff and consider the pleader's intent. *Id.* Unless the pleadings affirmatively negate the existence of jurisdiction, the plea to the jurisdiction should not be granted without allowing the plaintiff an opportunity to amend. *See id.* at 226–27.

### a. The District and the Directors are immune from the Companies' UDJA claims.

The District and the Directors assert that they established immunity from the Companies' claims seeking declaratory relief that the District acted unlawfully by "fail[ing] to meet the requirements of establishing a tax/assessment" because it did

not have the "minimum consent of present owners to establish a tax/assessment or to assess or finance a service or improvement project"; by assessing and collecting a tax retroactively; and by excluding them from the District.[8]

The UDJA is a procedural device, not a general waiver of immunity. *See Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011); *Fallon v. Univ. of Tex. MD Anderson Cancer Ctr.*, 586 S.W.3d 37, 56 (Tex. App.—Houston [1st Dist.] 2019, no pet.). It permits a person whose rights, status, or other legal relations are affected by a statute to obtain a declaration of rights, status, or other legal relations under the statute. *Tex. Transp. Comm'n v. City of Jersey Vill.*, 478 S.W.3d 869, 876 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *see* TEX. CIV. PRAC. & REM. CODE § 37.004(a).

The UDJA waives governmental immunity for claims that a statute or ordinance is invalid. *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 622 (Tex. 2011); *see* TEX. CIV. PRAC. & REM. CODE § 37.004(a). But the UDJA's waiver of

---

[8] The Companies did not identify any authority to support their claims for attorney's fees and interest in their pleadings, but we assume, for purposes of this opinion, that they did so as part of their UDJA claim. Because the Companies' request for attorney's fees depends on whether the District was authorized to collect the assessments in the first place, we consider the UDJA claim independent of the Companies' other refund claims. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 643 (Tex. 2005) (conclusion of underlying litigation did not render insured's interest in obtaining attorney's fees from insurer moot; insured's "remaining interest in obtaining attorney's fees 'breathe[d] life'" into appeal; court still had to resolve whether insurer had duty to defend and indemnify under policy).

governmental immunity does not encompass a challenge to the validity of a government entity's actions under a statute. *Sefzik*, 355 S.W.3d at 622; *Fallon*, 586 S.W.3d at 56 (UDJA did not waive appellant's claim because he did not seek declaration about statute's validity or constitutionality but instead sought declaration to construe statute and his rights thereunder).

The Companies ask the trial court to make declarations about whether the District properly exercised its authority to assess taxes, not to declare the Companies' "rights, status, or other legal relations." These requests for declaratory relief fall squarely into the category of claims for which there is no waiver of immunity. *See Sefzik*, 355 S.W.3d at 622; *Fallon*, 586 S.W.3d at 56. We hold that the trial court erred in denying the District's and the Directors' pleas to the jurisdiction on the Companies' UDJA claims.

**b.** **The District and the Directors have not met their burden to show that they are entitled to immunity on the Companies' claims for injunctive relief challenging their exclusion from the District.**

The District and the Directors argue that the Companies lack standing to complain about the Board's lack of authority to exclude them from the District because they lack standing to bring a quo warranto proceeding. But the Companies' supplemental pleading alleges not only that the Directors acted ultra vires in entering the exclusion order but that the decision to exclude the Companies from the District violated their constitutional and statutory rights.

16

The District and the Directors further assert that the complaint that they acted unlawfully in excluding the Companies cannot survive on its merits because the Board only had to find that their exclusion was "practicable, just, or desirable." TEX. LOC. GOV'T CODE § 375.044(a). But we do not review the merits at this stage of the proceeding. Immunity is not waived if the pleader's constitutional claims are facially invalid, but the pleader need not show that the claims are viable on their merits to negate immunity. *Patel v. Tex. Dep't of Licensing & Regul.*, 469 S.W.3d 69, 77 (Tex. 2015).

We hold that the trial court did not err in denying the pleas to the jurisdiction as to the Companies' claim that their exclusion from the District violated their constitutional and statutory rights. Thus, we overrule the portion of the District and the Directors' first issue challenging the trial court's denial of their challenge to the Companies' claim for injunctive relief based on allegations that the exclusion order violated their constitutional and statutory rights. We sustain the remaining portions of their first issue and their second issue.

## Conclusion

We affirm the trial court's order as to the Companies' claim for injunctive relief from the exclusion order. We reverse the trial court's order as to the Companies' remaining claims and render judgment dismissing them for lack of jurisdiction.

Clint Morgan
Justice

Panel consists of Justices Guerra, Caughey, and Morgan.